UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADC Telecommunications, Inc., | Civil Action No. 08cv5275 JNE/JJK |
| Plaintiff, | Judge: _____ |
| v. | Mag. Judge: _____ |
| ATX Incorporated and PCI Technologies Inc., | **Jury Trial Demanded** |
| Defendants. | |

# Complaint

This is a complaint for patent infringement and breach of contract. Plaintiff, ADC Telecommunications, Inc. ("ADC"), for its Complaint, states as follows:

1. Plaintiff ADC is a corporation organized and existing under the laws of Minnesota and has a principal place of business at 13625 Technology Drive, Eden Prairie, Minnesota 55344.

2. Upon information and belief, Defendant, ATX Incorporated ("ATX"), is a Canadian corporation having a principal place of business at 1-501 Clements Road West, Ajax, ON L1S 7H4 Canada.

SCANNED
SEP 2 6 2008
U.S. DISTRICT COURT MPLS

3. Upon information and belief, Defendant, PCI Technologies Inc. ("PCI"), is a Canadian corporation having a principal place of business at 1-501 Clements Road West, Ajax, ON L1S 7H4 Canada.

4. Upon information and belief, PCI is a wholly owned subsidiary of ATX.

## Jurisdiction

5. This action includes counts for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction over the patent infringement counts under 28 U.S.C. §§ 1331 and 1338(a).

6. This action also includes a count for breach of contract. The Court has jurisdiction over the breach of contract count at least under 28 U.S.C. §§ 1367(a) and 1332.

## Count I
## Claim for Patent Infringement of U.S. Patent No. 7,197,294

7. Paragraphs 1–6 are incorporated into this count by reference.

8. ADC is the owner of the entire right, title, and interest in and to United States Patent No. 7,197,294 ("the '294 patent") which duly and legally issued to ADC on March 27, 2007.

9. ADC has satisfied the notice or marking provisions of 35 U.S.C. § 287.

10. Defendants ATX and PCI (collectively, "the Defendants") are involved in making, importing, selling and/or offering for sale RF signal management products, including without limitation certain products within Defendants' MAXNET II line of products, that are covered by the '294 patent.

11. The Defendants, by their actions relating to at least their MAXNET II line of products, have directly and/or indirectly infringed the '294 patent and will continue to do so unless enjoined by this Court.

12. ADC has been damaged by the Defendants' infringement of the '294 patent and will continue to be damaged in the future unless the Defendants are enjoined from infringing the '294 patent.

## Count II
### Claim for Patent Infringement of U.S. Patent No. 6,650,885

13. Paragraphs 1–6 are incorporated into this count by reference.

14. ADC is the owner of the entire right, title, and interest in and to United States Patent No. 6,650,885 ("the '885 patent") which duly and legally issued to ADC on November 18, 2003.

15. ADC has satisfied the notice or marking provisions of 35 U.S.C. § 287.

16. The Defendants are involved in making, importing, selling and/or offering for sale RF signal management products, including without limitation certain products within Defendants' MAXNET and MAXNET II line of products, that are covered by the '885 patent.

17. The Defendants, by their actions relating to at least their MAXNET and MAXNET II line of products, have directly and/or indirectly infringed the '885 patent and will continue to do so unless enjoined by this Court.

18. ADC has been damaged by the Defendants' infringement of the '885 patent and will continue to be damaged in the future unless the Defendants are enjoined from infringing the '885 patent.

19. Upon information and belief, the Defendants' infringement of the '885 patent is willful.

### Count III
### Claim for Patent Infringement of U.S. Patent No. 6,289,210

20. Paragraphs 1–6 are incorporated into this count by reference.

21. ADC is the owner of the entire right, title, and interest in and to United States Patent No. 6,289,210 ("the '210 patent") which duly and legally issued to ADC on September 11, 2001.

22. ADC has satisfied the notice or marking provisions of 35 U.S.C. § 287.

23. The Defendants are involved in making, importing, selling and/or offering for sale RF signal management products, including without limitation certain products within Defendants' MAXNET II line of products, that are covered by the '210 patent, including at least claims 88, 90, and 91 of the '210 patent.

24. The Defendants, by their actions relating to at least their MAXNET II line of products, have directly and/or indirectly infringed the '210 patent and will continue to do so unless enjoined by this Court.

25. ADC has been damaged by the Defendants' infringement of the '210 patent and will continue to be damaged in the future unless the Defendants are enjoined from infringing the '210 patent.

26. Upon information and belief, the Defendants' infringement of the '210 patent is willful.

## Count IV
## Claim for Breach of Contract

27. Paragraphs 1–6 and 20–26 are incorporated into this count by reference.

28. On October 23, 2002, ADC and PCI entered into a written Settlement Agreement ("Settlement Agreement") to end a prior litigation in which ADC accused PCI of infringing the '210 patent.

29. The Settlement Agreement constitutes a binding contract between PCI and ADC.

30. In Paragraph 13 of the Settlement Agreement, PCI agreed that the "Settlement Agreement shall be governed in all respects by the laws of the State of Minnesota without regard to choice of law analysis."

31. ADC has fully performed its duties under the Settlement Agreement including filing a stipulated dismissal of ADC's claims in the prior litigation as required by Paragraph 1 of the Settlement Agreement.

32. In Paragraph 2 of the Settlement Agreement, PCI agreed "not to make, sell or offer for sale in the United States, for the life of U.S. Patent No. 6,289,210 B1, the MAXNET modules of Exhibits 1 and 2 of this Settlement Agreement or any other modules that infringe asserted claims 88, 90 and 91 of the '210 patent, except as such modules may be modified as described under paragraph 5."

33. As more fully set forth in paragraphs 20–26 above, PCI, through making, selling, and/or offering for sale certain modules within its MAXNET II line of products, infringes claims 88, 90, and 91 of the '210 patent.

34. The modules in PCI's MAXNET II line that infringe at least claims 88, 90, and 91 of the '210 patent do not fall within any of the exceptions allowed under paragraphs 2 and/or 5 of the Settlement Agreement.

35. Through its manufacture, sale and/or offer for sale of its MAXNET II line of products, PCI has breached the Settlement Agreement and is therefore liable to ADC for damages in excess of $75,000.

36. On information and belief, ATX is PCI's successor in interest and is therefore liable for the harm caused by the breach of the Settlement Agreement.

## Demand for Relief

ADC respectfully demands the following relief:

a. A judgment that Defendants ATX and PCI have infringed the '294 patent.

b. Both preliminary and permanent injunctions enjoining and restraining Defendants ATX and PCI, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the '294 patent;

  c. A judgment that Defendants ATX and PCI have infringed the '885 patent.

  d. Both preliminary and permanent injunctions enjoining and restraining Defendants ATX and PCI, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the '885 patent;

  e. A judgment that Defendants ATX and PCI have infringed the '210 patent.

  f. Both preliminary and permanent injunctions enjoining and restraining Defendants ATX and PCI, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the '210 patent;

  g. A judgment that ATX and PCI have breached the Settlement Agreement.

  h. A judgment and order requiring Defendants ATX and PCI to pay all appropriate damages under 35 U.S.C. § 284, including treble damages if any of the infringements is determined to be willful;

  i. A judgment and order requiring Defendants ATX and PCI to pay the costs of this action, including all disbursements and attorney fees, if this case is exceptional as provided by 35 U.S.C. § 285;

j. A judgment in an amount in excess of $75,000 compensating ADC for its damages and injuries due to the Defendants' breach of the Settlement Agreement; and

k. Such other and further relief that this Court may deem just and equitable.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs ADC demands a trial by jury of all issues so triable.

Dated: September 26, 2008   **ADC Telecommunications, Inc.**,

By its attorneys,

*/s/ Philip Caspers*

Alan G. Carlson (MN Bar No. 14,801)
Philip P. Caspers (MN Bar No. 192,569)
Timothy A. Lindquist (MN Bar No. 245,318)
Samuel A. Hamer (MN Bar No. 294,469)
James R. Hietala (MN Bar No. 386,755)
CARLSON, CASPERS, VANDENBURGH &
    LINDQUIST, P.A.
225 South Sixth Street
Suite 3200
Minneapolis, MN 55402
Phone: 612-436-9600
Fax: 612-436-9605
E-mail: pcaspers@ccvl.com